IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **CALVIN L. MORRISON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.: 5:09-00920** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND JUDGMENT ORDER

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's Application for Disability Insurance Benefits (DIB), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433. The parties have consented to jurisdiction before the undersigned United States Magistrate Judge. (Document Nos. 4 and 5.)

On December 11, 2009, counsel for Plaintiff filed a Motion to Dismiss (Document No. 11 .) In support of the Motion, counsel asserts that Plaintiff requests that this action be voluntarily dismissed because "[t]he plaintiff no longer wishes to proceed with this civil action." (Document No. 11.) Defendant has not yet responded to Plaintiff's Motion.

As Defendant already has filed an Answer, this action can be dismissed voluntarily only by Order of the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] The purpose of this rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis

---

[1] Rule 41(a)(2) provides:

By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of N. Am., 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Regarding these four factors, the undersigned finds that this case has not proceeded beyond the Defendant's filing of an Answer to Plaintiff's Complaint. Although Defendant has expended some time in preparing an Answer to Plaintiff's Complaint and producing the Transcript of the administrative record, he has not incurred any considerable expense in preparing his brief in support of judgment on the pleadings. Concerning the third factor, counsel explains that Plaintiff no longer desires to proceed with this civil action. Any prejudice to the Defendant therefore, has been slight, and dismissal of this case will bring an end to it.

Accordingly, for the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss (Document No. 11.) is **GRANTED** and this action is deemed **voluntarily DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk is directed to remove this action from the docket of the Court.

The Clerk is directed to file this Judgment Order and send a certified copy of the same to counsel of record.

ENTER: December 15, 2009.

R. Clarke VanDervort
United States Magistrate Judge